**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HEATHER WING, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-0245-O-BP** |
| | § | |
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On February 6, 2026, *pro se* Plaintiffs Heather and Brent Wing filed a civil complaint and application to proceed *in forma pauperis* ("IFP") in the Eastern District of Texas, which were recently transferred here and referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 3, 6, 7.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.      NATURE OF THE CASE

This case is a new civil action.

B.      PARTIES

Heather and Brent Wing are the plaintiffs. They name American Airlines, Inc. as the sole defendant.

C.      LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and

1

administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On March 5, after reviewing Plaintiffs' IFP application, the Court determined that it was deficient because it was incomplete and not signed. ECF No. 9. The Court ordered Plaintiffs to either pay the $405 filing and administrative fees for this action or file a signed, complete long-form IFP application by March 26. *Id.* The Court provided Plaintiffs the form necessary to comply and warned them that failure to do so could result in dismissal of this case without prejudice for failure to prosecute, without further notice. *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

The deadline for Plaintiffs to comply with the Court's March 5 order expired. To date, Plaintiffs have not complied or sought an extension of time to do so.  Moreover, it appears that Plaintiffs have not received any recent notices or orders issued by the Court. Four court documents, including the Court's March 5 order, were recently returned to the clerk of Court as undeliverable. ECF Nos. 10-13. All of the return envelopes indicate that Plaintiffs' residence is now vacant and are marked "Return to Sender" and "Unable to Forward." *Id.* Additionally, to date, Plaintiffs have not updated their mailing address with the Court, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14.

Because Plaintiffs have not paid the requisite fees or obtained permission to proceed IFP, and the Court is otherwise unable to communicate with them about their case, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiffs' complaint for lack of prosecution or failure to comply with a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on March 31, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3